Filed 10/13/25  P. v. Rodriguez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIA RODRIGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B337821<br>(Super. Ct. No. KA048897)<br>(Los Angeles County) |

Maria Rodriguez appeals following a Penal Code[1] section 1172.75 resentencing.  She contends the trial court erred by failing "to apply changes to . . . section 1170 governing the imposition of the upper term . . . ."  We will affirm.

FACTUAL AND PROCEDURAL BACKROUND

In August 2000, pursuant to a negotiated plea agreement, appellant pleaded no contest to second degree robbery (§ 211). Appellant admitted a firearm enhancement (§ 12022.53, subd. (b)), a strike prior (§§ 1170.12, subd. (a)-(d), 667, subd. (b)-(i)), a serious felony prior (§ 667, subd. (a)(1)), and a prison prior

_____

[1] Undesignated statutory references are to the Penal Code.

(§ 667.5, subd. (b)).  The court sentenced appellant to 26 years in prison, including the upper term on the robbery count.

At a section 1172.75 resentencing in April 2024, the court struck appellant's prison prior enhancement but declined "to strike anything other than" that enhancement.  Thus, the court resentenced appellant to 25 years in prison.

## DISCUSSION

Appellant argues "the court ignored its responsibility to apply changes to . . . section 1170 governing the imposition of the upper term . . . ."  Given section 1172.75, subdivision (d)(4) (§ 1172.75(d)(4)) creates an applicable exception to section 1170, subdivision (b)(2)'s factfinding requirement, we disagree.

This appeal raises questions of law we review de novo.  (Cf. *People v. Allen* (2023) 96 Cal.App.5th 573, 578.)

Section 1170, subdivision (b)(2) (§ 1170(b)(2)) provides that courts may exceed the middle term "only when there are circumstances in aggravation of the crime that justify [it] and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170(b)(2).)

With exceptions not relevant here, section 1172.75 retroactively invalidates the prison prior enhancement (§ 667.5, subd. (b)) and provides for the recall and resentencing of defendants whose judgment includes that enhancement. (§ 1172.75, subds. (a), (c).)  At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (*Id.*, subd. (d)(2).)

Critically, however, section 1172.75(d)(4) provides that "*[u]nless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless

2

there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1172.75(d)(4), italics added.)

The Court of Appeal has divided on this provision's meaning.  (Compare *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*) and *People v. Mathis* (2025) 111 Cal.App.5th 359, review granted Aug. 13, 2025, S291628 (*Mathis*), with *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*).)  We conclude it creates an exception to section 1170(b)(2)'s factfinding requirement for exceeding the middle term.

When interpreting a statute, """"our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose."""  (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)  If the statute's words """"are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs."""  (*People v. Cody* (2023) 92 Cal.App.5th 87, 101.)

Here, the statute is unambiguous.  The first clause of section 1172.75(d)(4) begins with "[u]nless"—a conjunction that signals an exception—and that clause appears at the beginning of the provision set off by a comma, indicating that it modifies the text that follows.  Section 1172.75(d)(4) plainly creates an exception to the factfinding requirement for exceeding the middle term.  We see no other logical reading of the statute.  (Cf. *Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466-467.)

Concerned this interpretation offends the Sixth Amendment, *Gonzalez* interpreted the statute differently.  (*Gonzalez*, *supra*, 107 Cal.App.5th at p. 330.)  However, "[i]t is the requirement of additional factfinding that brings the Sixth Amendment into play."  (*People v. Lynch* (2024) 16 Cal.5th 730,

759.) Section 1172.75(d)(4) obviates the need for additional factfinding when the upper term was originally imposed.

Section 1172.75(d)(4)'s application might nevertheless violate the Constitution if a defendant's original sentencing ran afoul of the Sixth Amendment. (See *Mathis*, *supra*, 111 Cal.App.5th at p. 373, fn. 7, review granted; *Cunningham v. California* (2007) 549 U.S. 270, 274 [166 L.Ed.2d 856].) We need not resolve this question, however, because appellant's original sentencing comported with the Sixth Amendment.

The court originally imposed a stipulated sentence based on a negotiated plea agreement. By accepting that plea agreement, the court was """bound to impose a sentence within""" its limits. (*People v. Stamps* (2020) 9 Cal.5th 685, 701.) Appellant received the upper term not because the judge found aggravating facts but because she agreed to it. Appellant's original stipulated sentence eliminates any Sixth Amendment concerns that might otherwise arise from section 1172.75(d)(4)'s application.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED

CODY, J.

We concur:

GILBERT, P. J.          BALTODANO, J.

4

Jacqueline H. Lewis, Judge
Superior Court County of Los Angeles

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.